UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KANAL V. GASTON,**<br><br>  Plaintiff,<br><br>  v.<br><br>**UNITED STATES POSTAL SERVICE,**<br>**Office of Inspector General (OIG), JOHN E.**<br>**POTTER, Postmaster General of the United**<br>**States Postal Service,**<br><br>  Defendants. | MASTER FILE: 05-CV-5286<br>(WJM)<br><br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

Kanal V. Gaston
938 Kingwood Drive
Apartment 433
Kingwood, TX 77339

(*Plaintiff*)

Peter G. O'Malley
Office of the U.S. Attorney
970 Broad Street
Suite 700
Newark, NJ 07102

(*Counsel for Defendants*)

**WILLIAM J. MARTINI, U.S.D.J.:**

Defendant has filed a motion to dismiss Plaintiff's employment retaliation claims

or in the alternative a motion for summary judgment.  Defendant argues, inter alia, that Plaintiff cannot muster sufficient evidence to create issues of material fact with respect to Plaintiff's retaliation claims.  The Court agrees.  Accordingly, Defendant's motion is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

I.     FACTS AND PROCEEDINGS[1]

This suit concerns Defendant's alleged failure to abide by an agreement settling past claims of employment discrimination.  Plaintiff is a former employee of the United States Postal Service Office of Inspector General ("OIG").  (Compl. 1.)  In 2004, Plaintiff asserted certain employment discrimination claims against OIG.  (Compl. 1.)  Plaintiff and OIG eventually entered into an agreement settling these claims—the agreement now at the heart of this case.  (Compl. 1.)

The agreement stated, inter alia, that in consideration for Plaintiff's consent to settle his claims, OIG would consider Plaintiff for certain job openings in the near future. (Compl. Ex. C2.)  Specifically, the agreement provided as follows:  "Management agrees that for a period of eighteen (18) months from date of this signed agreement[, June 14, 2004, Plaintiff] will be granted an interview for any new internal/external published vacancy for which he is qualified, subject to the terms and conditions of employment set forth in the announcement."  (Compl. Ex. C2.)

---

[1] The Court has done its best to cull the facts from the pro se Plaintiff's filings and to construe them liberally.  See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

Plaintiff claims that OIG violated this settlement agreement by failing to grant him an interview for a vacant position as a "criminal investigator."[2] (Compl. 1, Ex. C3.) Plaintiff applied for this position, but OIG declined to interview him. (Compl. Ex. C3.) On October 6, 2004, OIG sent Plaintiff an official notice of this rejection. (Compl. Ex. C3.)

In response, Plaintiff filed this suit against Postmaster General John E. Potter.[3] (Compl. 1.) While Plaintiff's pro se complaint is vague, he appears to allege that Defendant denied him this interview in retaliation for filing employment discrimination claims. (Compl. 1–2.)

Defendant has now filed a motion to dismiss Plaintiff's claim or in the alternative a motion for summary judgment. Defendant argues, inter alia, that Plaintiff cannot muster sufficient evidence to create issues of material fact on this claim.[4]

## II.   DISCUSSION

As an initial matter, the Court treats this motion as one for summary judgment. Where the parties present and the court considers evidence beyond the pleadings in a

---

[2] Plaintiff has asserted many other claims at various portions of administrative proceedings that he initiated. His complaint, however, describes only the denial of this particular position.

[3] Plaintiff has also sued the OIG. (Compl. 1.) However, the proper Defendant in this case is only the agency head. See 42 U.S.C. § 2000e-16(c).

[4] Defendant poses other arguments as well. However, because the Court holds that Plaintiff has insufficient evidence to support his claims and because the Court does not find Defendant's other arguments persuasive, the Court declines to address them.

motion to dismiss, the court should convert the motion to one for summary judgment. Boyle v. Governor's Veterans Outreach & Assistance Ctr., 925 F.2d 71, 74 (3d Cir. 1991). Here, both parties present evidence outside of the pleadings: Plaintiff attached several exhibits to his complaint, and Defendant attached several exhibits to his motion. Furthermore, Defendant put Plaintiff on notice that the Court might consider this a motion for summary judgment since Defendant's motion requested dismissal under Federal Rule of Civil Procedure 12(b)(6) "or in the alternative for summary judgment under Fed. R. Civ. P. 56." (Mot. 1.) Accordingly, the Court will treat this motion as one for summary judgment.

Federal Rule of Civil Procedure 56(c) allows a court to grant summary judgment for a party on a claim if there are no disputes of fact material to the disposition of that claim and it is clear that the party is entitled to judgment as a matter of law. On a motion for summary judgment, courts will view the facts in the light most favorable to the non-movant. Tse v. Ventana Med. Sys., Inc., 297 F.3d 210, 218 (3d Cir. 2002). The non-moving party may not simply rest on allegations in the pleadings; she must present sufficient evidence to create a genuine issue of material fact with respect to her claims, that is, sufficient evidence to allow a jury to find in her favor. GFL Advantage Fund, Ltd. v. Colkitt, 272 F.3d 189, 199 (3d Cir. 2001).

Plaintiff's claim appears to be that Defendant, Plaintiff's government employer, engaged in illegal retaliation against him. Plaintiff ostensibly reasons that Defendant

declined to interview Plaintiff for the job of criminal investigator in retaliation for Plaintiff's earlier filing of employment claims. The Court finds that Plaintiff fails to present sufficient evidence to create a genuine issue of material fact with respect to his claims.

Plaintiff's employment retaliation claim falls under Title VII of the Civil Rights Act of 1964. Section 717 of that act, 42 U.S.C. § 2000e-16, forbids the federal post office from engaging in employment discrimination on the basis of certain listed qualities, including race and sex. Furthermore, section 704 of the act, 42 U.S.C. § 2000e-3(a), makes it an unlawful employment practice to "discriminate" against an employee "because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." Jensen v. Potter, 435 F.3d 444, 448 (3d Cir. 2006). Thus a federal employee may assert a claim against a federal employer who discriminates against the employee for initiating a charge of discrimination against the employer.

Claims of employer retaliation under Title VII are analyzed at the summary judgment stage using a three-part, burden-shifting test. See Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500–01 (3d Cir. 1997). At step one, a plaintiff must first establish a prima facie case of retaliation to justify proceeding further. Id. A prima facie case of retaliation has three elements: (1) protected employee activity, (2) adverse action by the employer, and (3) a causal connection between the two. Id. If an employee establishes a prima facie

case of retaliation, the burden then shifts to the employer to advance a legitimate, nonretaliatory reason for the adverse employment action.  Id.  If the employer can do so, the burden then shifts back to the plaintiff to put forth sufficient evidence that a reasonable factfinder could disbelieve the employer's proffered explanation.  Id.

Here, Plaintiff cannot advance his case beyond step one, that is, he fails to put forth sufficient evidence to establish a prima facie case.  Plaintiff may be able to establish the first element of a prima facie case, that he engaged in a protected employee activity.  See Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1085 (3d Cir. 1996) (holding that filing a claim of racial discrimination in employment is protected activity); Williams v. Potter, 316 F. Supp. 2d 1122, 1137–38 (D. Kan. 2004) (holding that settling a discrimination case may be a protected activity).  Plaintiff may also be able to establish the second element, that Defendant took an adverse action against him.  See Lacy v. Nat'l R.R. Passenger Corp., 254 F. App'x 934 (3d Cir. 2007) (holding that a failure to promote may constitute an adverse employment action).  However, Plaintiff cannot establish the third element—causation.

There are three main ways a plaintiff can show causation in an employment retaliation case.  First, a plaintiff may offer evidence of "an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action."  Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007).  Second, a plaintiff may offer evidence that Defendant engaged in a "pattern of antagonism."  Id.  Third, a plaintiff

may show that from the record as a whole that the trier of the fact should infer causation. Id.  Plaintiff fails to offer evidence in the record in any of these three ways.

There is no unusually suggestive temporal proximity between any of Plaintiff's possibly protected activity and Defendant's adverse action.  Plaintiff's latest protected activity, entrance into the settlement agreement, occurred on June 14, 2004, whereas Defendant's adverse action, denial of Plaintiff's application to interview for the criminal investigator position, apparently did not occur until October 2004.  (Compl. Ex. C2, C3.) This nearly four-month period between Plaintiff's protected activity and Defendant's adverse action is insufficient to suggest a causal relationship between the two.

Nor can Plaintiff establish a pattern of antagonism by Defendant that might suggest causation.  Typical examples of such antagonism include insults or threats.  See Jensen, 435 F.3d at 450–51.  Here, Plaintiff offers no evidence of such antagonism.

Finally, the record as a whole does not offer any evidence of a causal relationship between Plaintiff's protected activities and Defendant's decision to refuse Plaintiff an interview for the job.  Rather, the only apparent relevant facts are that Plaintiff complained about employment discrimination, entered into a settlement agreement promising Plaintiff job interviews for which he was qualified, and then Defendant declined to give job interviews for which Plaintiff may or may not have been qualified. This bare evidence does not state a claim for employment retaliation.

Even if Plaintiff did set forth evidence sufficient to state a prima facie case for

retaliation, his retaliation claim would still fail at later stages of the analysis. As explained above, if a plaintiff establishes a prima facie case of retaliation at step one of the analysis, at step two the burden then shifts to the defendant to advance a legitimate, nonretaliatory reason for the adverse employment action. See Krouse, 126 F.3d at 500–01. Here, Defendant provides such a reason in the form of a declaration from Jane Hughes, an OIG special agent, in which Hughes declares that she "determined that Mr. Gaston was not qualified for the position of investigator with the OIG." (Decl. of Jane M. Hughes ¶¶ 1, 6.) Hughes went on to declare that she "did not believe [Plaintiff] demonstrated the temperament and judgment necessary for the position." (Hughes Decl. ¶ 6.) Accordingly, Defendant has set forth evidence of a legitimate nonretaliatory reason for its adverse employment action.

Because Defendant has done so, the burden thus shifts at step three back to Plaintiff to put forth sufficient evidence such that a reasonable factfinder could disbelieve the employer's proffered explanation. Id. Plaintiff, however, fails to put forth any such evidence. Indeed, Plaintiff does not even allege in his complaint that he was qualified for the criminal investigator position. Accordingly, even if Plaintiff had stated a prima facie case for employment retaliation at step one of the analysis, Plaintiff's retaliation claim would fail at step three.

### III.   CONCLUSION

Plaintiff has failed to present evidence creating material issues of fact with respect

to his claim of retaliation.  Accordingly, Defendant's motion for summary judgment is **GRANTED**, and Plaintiff's claim is **DISMISSED WITH PREJUDICE**.  An Order accompanies this Opinion.

                                s/William J. Martini

                                William J. Martini, U.S.D.J.

Date: 7/2/08